J. PEYTON CLARK, Respondent, v. BIRD S. COLER, Individually and as Sole Surviving Partner of the Late Firm of W. N. COLER & Co., and Others, Appellants.

First Department, May 3, 1918.

Contract — syndicate agreement for promotion of public service corporations — suit for an accounting — corporations whose organization is not perfected not entitled to share in profits — disbursements properly deducted in figuring profits — commissions to members of syndicate disallowed.

In a suit for an accounting under a syndicate agreement a corporation which was organized to take over the business and assets of a partnership which was not a member of the syndicate is not entitled to participate in the syndicate profits where it is a mere paper corporation the organization of which has never been completed, the copartnership acting as an agent of the syndicate, performing the obligations of the corporation and receiving compensation therefor.

Where the syndicate was organized for the purpose of "purchasing, developing, financing and operating public service corporations," all disbursements made for construction work in all enterprises promoted by the syndicate should be deducted in figuring the profits of the syndicate.

But in figuring the profits the court properly disallowed moneys paid by a partnership to its own members and to other members of the syndicate as such commissions would be in derogation of the rights of the other member.

Case remitted to a referee to take and state the accounts of the syndicate.

APPEAL by the defendants, Bird S. Coler and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York

on the 9th day of June, 1917, upon the decision of the court after a trial at the New York Special Term, and also from an order entered in said clerk's office on the 31st day of May, 1917,. denying defendants' motion to reopen the case.

*Martin Conboy* of counsel [*Philip S. Hill* with him on the brief; *Griggs, Baldwin & Baldwin,* attorneys], for the appellants.

*Theodor Megaarden* of counsel [*Satterlee, Canfield & Stone,* attorneys], for the respondent.

PAGE, J.:

This is a suit for an accounting under a syndicate agreement and for specific performance or damages for breach by defendants of an option agreement for the sale to plaintiff of certain bonds and stocks. The syndicate agreement was made March 16, 1909, and was to continue five years. The parties to the agreement are Bird S. Coler, Leonard H. Hole, Lemuel H. Hole, Charles B. Hole, J. Peyton Clark and Coler & Co., Inc.

The agreement provides:

" 1. That the parties hereto consider themselves a syndicate, the formation of which is for the purpose of purchasing, developing, financing and operating public service corporations, including water, electric light and power, gas, street railways and interurban railways, and entering into such other undertakings as may be mutually agreed upon.

" 2. It shall be the general duty of Coler & Company (Inc.) to find a market for and sell the bonds of the various corporations organized to carry out the purposes of the syndicate, and Coler & Company (Inc.) shall receive all profits accruing from such sale of bonds, and shall not share the same with the other members of the syndicate."

It further provides that Bird S. Coler and the defendants Hole shall look after the financial policy and operations of such public service corporations as may be purchased and operated, while the plaintiff, J. Peyton Clark, was to look after the operation and engineering features of such public service propositions as may be purchased for development and operation. It further provided:

" 6. The profits which may arise out of such syndicate

operations, whether in cash, stock, bonds or other securities, shall be divided as follows:

" (a) Thirty-three and one-third (33⅓%) per cent to Coler & Company, Inc.

" (b) Sixty-six and two-thirds (66⅔%) per cent shall be divided equally among the other members of this syndicate, it being understood that the above percentage applies to the net profits of such syndicate undertakings."

Under this agreement the syndicate purchased and developed two projects:

1. The Greensboro Electric Company owning and operating the gas, electric light and street railway utilities in Greensboro, N. C., which was renamed the North Carolina Public Service Company, and extended to include the public utilities in High Point, Salisbury and Concord.

2. The Piedmont Railway Company owning a steam railroad twenty miles long, extending from Denton to Thomasville in North Carolina, which was renamed the Carolina and Yadkin River Railway Company, and extended from Denton to High Rock and from Thomasville to High Point.

With respect to the North Carolina Public Service Company project there is only one question involved in the case, and that is, whether the plaintiff is entitled to one-fifth of the profits or only one-fifth of two-thirds. The plaintiff has already received one-fifth of two-thirds but claims one-fifth of the whole. The difference is 890⅖ shares of stock for which a certificate was made out in the name of the plaintiff, indorsed by him in blank, and held by W. N. Coler & Co. in escrow. With respect to the Carolina and Yadkin River Railway Company project the same question as to the division of profits is involved, and also whether certain disbursements aggregating $129,279.06 were within the syndicate undertaking and properly chargeable to the syndicate in reduction of profits. After the purchase of the Piedmont Railway Company the syndicate made three contracts for the extension of the road with a person named Sanford, who was cashier of W. N. Coler & Co., and was used merely as a dummy, the actual work being supervised by the plaintiff and the funds furnished by a sale of the bonds by W. N. Coler & Co.

The point in dispute between the parties upon this appeal in relation to these contracts is whether the syndicate is to be charged only with the cost of the construction of the road under these contracts, or whether certain other expenses that were charged by the defendant against the syndicate were to be allowed as a proper expense and deducted for the purpose of ascertaining the net profits.

The court has found that Coler & Co., Inc., was not entitled to share in the profits of the syndicate agreement, and by reason thereof that each of the individual parties was entitled to one-fifth of the entire net profits, instead of one-fifth of two-thirds thereof, as provided in the said agreement. This finding is challenged by the appellants.

Coler & Co., Inc., was organized to take over the business of W. N. Coler & Co., a copartnership, consisting of Bird S. Coler and Leonard H. Hole. Lemuel H. Hole and Charles B. Hole were employees of the firm. The organization of the company was never completed, stock to the amount of $500,000 was authorized, but $82,000 was issued and paid for in cash.

The subscriptions of $125,000 each by Bird S. Coler and Leonard H. Hole were to have been paid for by the transfer of the business and assets of W. N. Coler & Co., but this was never done. The $82,000 was loaned to W. N. Coler & Co. and Coler & Co., Inc., never had any office, clerks or employees, and never performed any of the terms and conditions of the syndicate agreement by it to be performed. It was agreed that the firm of W. N. Coler & Co. should market the bonds and be paid for their services in cash, ten per cent of the par value of bonds which they sold. This was the method pursued in the prosecution of the enterprise, the firm of W. N. Coler & Co. receiving for its services $295,841.86. The court properly eliminated Coler & Co., Inc., a paper corporation, from participation in the syndicate profits, and held that the profits should be distributed one-fifth of the whole to each of the individual members.

The plaintiff's contention is that all expenditures made for construction work under the three Sanford contracts are to be deducted, and no other disbursement for construction work is to be taken into the account, and what remained was to be divided as profits and in effect this was the decision of

the court. This is an erroneous construction of the undertakings of the parties. The syndicate agreement was not simply for the purpose of carrying out the Sanford contracts. That agreement thus stated its purpose " purchasing, developing, financing and operating public service corporations." The Sanford contracts were incidental to this purpose, and any other construction work necessarily done in developing this enterprise would also be within the scope of the syndicate agreement.

The court properly disallowed the item of $10,163.32, charged by W. N. Coler & Co. for commissions paid to the Hole Bros., B. S. & E. B. Coler and other commissions to W. N. Coler & Co. in excess of ten points. These persons were members of the firm or employees of W. N. Coler & Co. The Hole brothers were also members of the syndicate. To allow them commissions would be in derogation of the rights of the plaintiff.

There is no statement of the account in the decision of the court at Special Term. Nor is there any clear statement of the amounts that would enter into the account on the principles that we have above stated. Some of the charges properly to be made against profits of the syndicate had not been paid at the time of the trial. The defendants also asked that the case be reopened to enable them to give proof of certain disbursements. In our opinion this case should be sent to a referee to take and state the account, in accordance with this opinion, when the evidence can be taken and the case presented with a definite statement of the account.

The judgment will, therefore, be reversed, with costs to the appellants. The findings of the Special Term inconsistent with this opinion will be reversed and an interlocutory judgment ordered unless the parties can agree upon the account. Settle order containing findings on notice.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Judgment reversed, with costs, and judgment ordered as stated in opinion. Order to be settled on notice.